

☐ SEND
☐ Enter

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No. | **CV 07-850-VBF(JTLx)** ✓     Dated: **June 22, 2007** |
| | **CV 07-1458-VBF(JTLx)** |

Title: United States Life Insurance Company -v- Superior National Insurance Co., et al.
Superior National Insurance Company, et al. v. United States Life Insurance

---

PRESENT: HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

Rita Sanchez                      None Present
Courtroom Deputy             Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:     ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                            None Present

**PROCEEDINGS (IN CHAMBERS):**     ORDER RE: MOTION TO VACATE ARBITRATION AWARD AND MOTION TO CONFIRM ARBITRATION AWARD

After considering the papers filed and oral argument, the Court orders as follows:

(1) The Motion of Superior National Insurance Company, *et al.*, ("Superior National") to confirm the Final Arbitration Award, dated February 18, 2007, is granted. The Cross-Motion and Counter-Claim to Vacate the Final Arbitration Award of United States Life Insurance Company ("US Life") is denied. The Final Arbitration Award is modified insofar as the federal statutory rate of post-judgment interest, 28 U.S.C. section 1861 shall be applied.

MINUTES FORM 90                                             Initials of Deputy Clerk   rs
CIVIL - GEN

-1-

(2) US Life's Petition to Vacate Arbitration Awards is denied.

The Court finds that US Life has failed to meet its heavy burden to set forth grounds to vacate the arbitration awards. The Court hereby incorporates the Tentative Order, dated June 15, 2007, which was filed and distributed to the parties in advance of the June 18, 2007 hearing.[1] For the reasons set forth in the Tentative Order, Superior National's papers, and oral argument, the Court finds that US Life has failed to demonstrate any Federal Arbitration Act ground for vacatur. (*See* Reporter's Transcript of June 18, 2007 hearing.)

The Court heard oral argument on several issues, which are set forth in the Tentative Order. Regarding these issues, the Court finds as follows:

- First, the statutory rate of interest applies and the Court has ordered the Final Award modified accordingly. (*See* Tentative Order, pp. 1, 22.)

- Second, the Panel's declaratory relief regarding payment of bills sent after December 6, 2006 is an insufficient basis for vacating the Final Arbitration Award in whole or in part. (*See* Tentative Order, pp. 1-2, 21.) For the reasons stated in the Court's Tentative Order, the papers of Superior National, and at oral argument, the Court finds that the Panel did not exceed its authority in making this declaratory award.[2]

- Third, the Court finds that the award of bills sent after June 30, 2004 and before December 6, 2006 does not require vacatur of the Final Award or any portion of it.

---

[1] The Court has considered US Life's objections to the Tentative Order and notes that two corrections it suggests have merit and will be adopted: First, Footnote 1 considered that some arguments by US Life were raised late in these proceedings. On the basis of oral argument, the Court concludes that US Life raised the argument in question in a timely fashion. That footnote is therefore stricken. Second, US Life objected to Tentative Order's characterization of its refusal to pay bills as "recalcitrant." As the Court indicated at the hearing, this sentence will be stricken. By way of clarification, however, the Court would note that the reference to recalcitrance was intended only to convey the Court's recitation of Superior National's argument in support of the Awards. The Court made, and makes, no finding in that regard.

[2] That is, the Panel did not exceed the authority granted by the arbitration agreement or the protocols governing the replacement of Arbitrator Gentry. Nor was the Panel *functus officio* to make this order.

MINUTES FORM 90                                                                 Initials of Deputy Clerk __rs__
CIVIL - GEN

(*See* Tentative Order, pp. 2, 19-20.) The Court has paid particular attention to this concern. After further consideration, the Court finds that US Life has failed to meet its burden in several respects. Initially, US Life has failed to demonstrate that payment of these bills was an issue not properly before the Panel. US Life argues that the cut-off of June 30, 2004 was a cut-off for damages. The transcript of the Phase II organizational meeting indicates that this cut-off date was agreed for purposes of discovery only. In addition, there is no evidence that US Life sought an audit of bills sent after June 30, 2004 and before December 6, 2006. The Panel, moreover, clearly stated its intent to make and award in this regard and reserved the authority to do so. US Life has failed to demonstrate the award of these bills was so improper as to permit this Court to vacate the Final Arbitration Award. As set forth in the Tentative Order, Superior National's papers, and at oral argument, the award of damages for non-payment of these bills was within the discretion afforded to arbitrators. (*See, e.g.* Tentative Order, pp. 10, 16, 20.) The Panel did not exceed its authority in awarding monetary damages, including disgorgement, for bills sent after June 30, 2004 and before December 6, 2006. Nor was the Panel *functus officio* to award these amounts.

At the hearing, the Court also invited oral argument regarding any other issues that the parties wished to address. US Life raised issues that it felt were not dealt with in the Tentative Order. The Court will address one argument specifically: US Life asserts that the Panel was *functus officio* after issuance of the Final Interim Award. The Court has considered this argument and, for the reasons set forth in the Tentative and in Superior National's papers, finds this argument without merit.

MINUTES FORM 90  
CIVIL - GEN

Initials of Deputy Clerk __rs__